# United States District Court
# Central District of California

| | |
|---|---|
| FL1, a series of Funlife, LLC, <br><br> Plaintiff, <br><br> v. <br><br> J. Carol Duncan, Trustee of J. Carol Duncan Revocable Trust dated December 28, 2011 et al., <br><br> Defendants. | Case No. 2:19-cv-01262-ODW (SKx) <br><br> **ORDER DENYING DEFENDANTS' MOTION TO DISMISS [34, 39]** |

## I.  INTRODUCTION

Defendants J. Carol Duncan, Tyler J. Duncan, and Whitney Duncan (collectively, the "Duncans") move to dismiss this action on two grounds: (1) Plaintiff, FL1, a series of Funlife, LLC ("FL1"), fails to sufficiently allege the elements of slander of title; and (2) there is no support for diversity jurisdiction as the jurisdictional minimum is not met.  (Mot. to Dismiss ("Mot."), ECF Nos. 34, 39.)  For the reasons that follow, the Court **DENIES** the Duncans' Motion.[1]

---

[1] After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

## II. FACTUAL AND PROCEDURAL BACKGROUND

FL1 is a Nevada-based company that owns real property located at 3129 Cliff Drive, Santa Barbara, California (the "FL1 Property"). (Verified Compl. ¶ 1, ECF No. 1.) The Duncans own real property located at 3139 Cliff Drive, Santa Barbara, California (the "Duncan Property"). (Verified Compl. ¶ 2.) Neubauer[2] owns real property located at 3149 Cliff Drive, Santa Barbara, California ("Neubauer Property"). (Verified Compl. ¶ 3.) The FL1 Property, Duncan Property, and Neubauer Property all run along a cliff side above the beach. (Verified Compl. ¶ 11.) From west to east, the properties run in a line from the Neubauer Property to the Duncan Property then the FL1 Property. (Verified Compl. ¶ 11.)

Prior to being three separate properties, the FL1 Property, Neubauer Property, and Duncan Property belonged to a single owner on a single parcel. (Verified Compl. ¶ 13.) The former owner "created a winding pathway that snaked its way back and forth down the cliff and to the beach (the 'Beach Pathway')." (Verified Compl. ¶ 13.) In the present day, the Beach Pathway "crisscrosses over . . . the Neubauer Property, the Duncan Property[,] and the FL1 Property as it makes its way down to the beach." (Verified Compl. ¶ 14.)

When FL1 purchased its property, FL1 alleged that the Duncans "attempted to extort a payment from FL1 in an amount that would exceed $75,000 in order to continue to use the Beach Pathway." (Verified Compl. ¶ 17.) FL1 purportedly rejected the Duncans' demand for payment and continued to utilize the Beach Pathway. (Verified Compl. ¶ 17.)

FL1 alleged that in 1998, the Duncans, who owned both the Duncan Property and the Neubauer Property, sold the Neubauer Property to Neubauer's predecessor-in-interest and falsely granted an easement to the Neubauer Property for use of the Beach Pathway (the "Neubauer Easement"). (Verified Compl. ¶ 20.) FL1 further alleged

---

[2] Neubauer refers to Defendant Joanne Neubauer, Trustee of the Survivor's Trust and the Bypass Trust under the Hendry 2007 Living Trust, u/d/t October 1, 2007. (Verified Compl. ¶ 3.)

that when the Duncans sold the property to Neubauer, the Duncans falsely stated "that the entirety of the Beach Pathway was on the Duncan Property and the Neubauer Property only." (Verified Compl. ¶ 21.)

In 2017, the Beach Pathway was damaged due to severe rainfall. (Verified Compl. ¶ 18.) FL1 alleged that it attempted to coordinate with the Duncans to perform repairs to the Beach Pathway, however, the Duncans were unresponsive and uncooperative, and as such, FL1 made the repairs. (Verified Compl. ¶ 18.) FL1 has not been reimbursed from the Duncans or Neubauer for the repairs. (Verified Compl. ¶ 18.) Following the repairs, FL1 circulated a "standard form easement" as an attempt to formalize the Beach Pathway easement for the three parcels and to clarify the maintenance and repair rights. (Verified Compl. ¶ 19.) The Duncans have delayed execution of the easement. (Verified Compl. ¶ 19.) Neubauer has refused to sign the proposed easement because she contends that she already has the right to use the Beach Pathway pursuant to the Neubauer Easement. (Verified Compl. ¶ 23.)

Consequently, on February 20, 2019, FL1 brought this action to clarify the parties' rights and responsibilities as it relates to the Beach Pathway. Through its Verified Complaint, FL1 alleged seven causes of action: (1) declaratory relief; (2) quiet title to easement by prescription; (3) quiet title to easement by implication; (4) quiet title to equitable easement; (5) slander of title; (6) declaratory relief as to scope of Neubauer Easement; and (7) declaratory relief as to scope of Duncan Easement.[3] (*See generally* Verified Compl.)

---

[3] As alleged, the Duncan Easement refers to the "right to ingress and egress over a footpath to the beach[,] which would involve crossing over the FL1 Property." (Verified Compl. ¶ 69.)

### III. SUBJECT MATTER JURISDICTION

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *See e.g.*, U.S. Const. Art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts have original jurisdiction where an action arises under federal law, or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a).

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). A facial attack is based on the challenger's assertion that the allegations in the complaint are "insufficient on their face to invoke federal jurisdiction." *Id.* A factual attack disputes the validity of allegations that, if true, would invoke federal jurisdiction. *Id.* In resolving a facial attack, a court must consider the allegations of the complaint as true. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Safe Air*, 373 F.3d at 1039) ("A 'facial' attack accepts the truth of the plaintiff's allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'").

"The amount in controversy is normally determined from the face of the pleadings." *Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 363 (9th Cir. 1986). In actions seeking non-monetary relief, "the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977). In order to support dismissal of an action based on the jurisdictional amount, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *Pachinger*, 802 F.2d at 363–64 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938)).

Here, the Duncans assert a facial attack on FL1's allegations. (Mot. 6–7.) The Duncans essentially argue that FL1's allegation that the amount in controversy exceeds $75,000 is conclusory and unsupported. (Mot. 7.) However, when a case is originally filed in federal court, a general conclusory allegation that the damages exceed the jurisdictional limit is usually sufficient. *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010) ("Where the plaintiff originally files in federal court, the amount in controversy is determined from the face of the pleadings. The amount in controversy alleged by the proponent of federal jurisdiction—typically the plaintiff in the substantive dispute—controls so long as the claim is made in good faith."); *see also K. Durant Enters., LLC v. Swanson Travel Prof'ls, Inc.*, No. CV 13-001534-MMM-AJWx, 2014 WL 545843, at *2 (C.D. Cal. Feb. 10, 2014) (finding conclusory allegations that the amount in controversy exceeds the jurisdictional minimum to be sufficient). Here, FL1's amount in controversy allegation is supported by its claim that the Duncans attempted to extort a payment from FL1 in an amount greater than $75,00 for continue use of the Beach Pathway. The Duncans also do not assert that FL1's Verified Complaint alleging that the amount in controversy exceeds $75,000 is made in bad faith. Nor do the Duncans establish to a legal certainty that FL1's claim is less than $75,000.

Accepting FL1's Verified Complaint as true, the Court finds that it has subject matter jurisdiction over this action.

### IV. SUFFICIENCY OF THE COMPLAINT

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the

claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

The Duncans move to dismiss FL1's slander of title claim on three bases: (1) no false statements were made to support a slander of title claim; (2) the statute of limitations bars FL1's slander of title claim; and (3) no pecuniary loss. (Mot. 3–6.)

In California, "[s]lander of title occurs when there is an unprivileged publication of a false statement which disparages title to property and causes pecuniary loss." *Stalberg v. W. Title Ins. Co.*, 27 Cal. App. 4th 925, 929 (1994). The elements of the cause of action are: "(1) a publication, (2) which is without privilege or justification, (3) which is false, and (4) which causes direct and immediate pecuniary loss." *Manhattan Loft, LLC v. Mercury Liquors, Inc.*, 173 Cal. App. 4th 1040, 1051 (2009). The publication can be oral. *Seeley v. Seymour*, 190 Cal. App. 3d 844, 858 (1987). "If the publication is reasonably understood to cast doubt upon the existent or extent of another's interest in land, it is disparaging to the latter's title." *Sumner Hill Homeowners' Ass'n v. Rio Mesa Holdings, LLC*, 205 Cal. App. 4th 999, 1029 (2012). In a claim for slander of title, a plaintiff may recover the expense of legal proceedings necessary to remove the doubt cast by the disparagement, financial

loss from the impairment of vendibility of the property, and general damages for time and inconvenience in removing doubt cast on the property. *Seeley*, 190 Cal. App. 3d at 865. However, it is not necessary to show that "a particular pending deal was hampered or prevented, since recovery may be had for the depreciation in the market value of the property." *Stamas v. Cty. of Madera*, 795 F. Supp. 2d 1047, 1069 (E.D. Cal. 2011).

It is abundantly clear that the Duncans treat a motion to dismiss as a motion for summary judgment, which is improper. At this stage, the Court must accept the allegations, especially in a verified complaint, as true. The Duncans' argument that FL1 has not "presented any evidence" to support their allegations is not well-taken at this stage. Here, FL1 sufficiently alleged its claim for slander of title. FL1 alleged that the Duncans, both orally and in writing, "represented to the various owners of the Neubauer Property that [they] . . . own the entirety of the Beach Pathway." (Verified Compl. ¶ 53.) FL1 further alleged that the Duncans' representations were false and, the Duncans had no right to confer a right to a third party to cross the FL1 Property. (Verified Compl. ¶ 54.) FL1 stated that these statements were unprivileged, and FL1 suffered pecuniary loss because (1) Neubauer continues to trespass on the FL1 Property; and (2) Neubauer refuses to execute the proposed easement agreement for use of the Beach Pathway. (Verified Compl. ¶ 58–59.) As such, FL1 seeks to recover attorneys' fees and costs it has incurred to (1) remove the doubt cast by the Duncans' false representations; and (2) obtain declaratory relief that the Neubauer Easement has no impact of the FL1 Property. (Verified Compl. ¶ 60.) At this stage, the allegations are sufficient. *See Sumner Hill*, 205 Cal. App. 4th at 1032 (citations omitted) ("[T]he law is equally clear that the expense of legal proceedings necessary to remove the doubt cast by the disparagement and to clear title is a recognized form of pecuniary damage in such cases.").

Lastly, the statute of limitations does not bar this claim. In California, the statute of limitations for slander of title is three years. Cal. Civ. Proc. Code § 338(g).

"The limitations period begins to run when the plaintiff suspects, or should suspect, that it has been wronged." *Stalberg*, 27 Cal. App. 4th at 929 (quoting *Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1114 (1988)). FL1 alleged that the Duncans' false statements regarding the Neubauer Easement began from 1998 "and continuing to at least within the three years of the filing of this Complaint." (Verified Compl. ¶ 53.) When FL1 actually discovered or should have suspected the false statements is a question of fact. *See Stalberg*, 27 Cal. App. 4th at 929. Accordingly, at the pleadings stage, the statute of limitations does not bar FL1's slander of title cause of action.

## V. CONCLUSION

For the reasons set forth above, the Duncans' Motion to Dismiss (ECF Nos. 34, 39) is denied.

**IT IS SO ORDERED.**

August 9, 2019

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**